

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8572

February 5, 2020

**Via ECF and Facsimile (914) 390-4179**
Honorable Nelson S. Román
United States District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: McGriff v. Keyser et al., No. 17 Civ. 7307 (NSR)

Dear Judge Román:

This Office represents defendants William Keyser, Anthony Polizzi, and Stephen Keyser, (collectively "Defendants") in the above-referenced matter.[1] Defendants write to respectfully request that the Court set a schedule for initial discovery to be limited to the narrow issue of exhaustion. Following this limited discovery, Defendants intend to move for summary judgment on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) (the "PLRA").

The PLRA requires that prisoners exhaust all administrative remedies before bringing an action regarding prison conditions. *Williams v. King*, 56 F. Supp. 3d 308, 320-21 (S.D.N.Y. 2014). Section 1997e(a) requires proper exhaustion, which means complying with all procedural steps and completing the administrative review process. *Id.*; *see also, Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011). The issue of exhaustion, however, is one which must be decided by the Court, *see Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and which can and should be addressed before the parties engage in potentially burdensome discovery. *See Cuoco v. United States Bureau of Prisons*, No. 98 Civ. 9009, 2000 WL 347155, at *8 (S.D.N.Y. Mar. 31, 2000) ("in the interests of judicial economy the threshold issue of exhaustion should be addressed and resolved before discovery"). The evidence is expected to show that Plaintiff only filed a grievance on the issue of finding hair in his food while in SHU, a claim that was dismissed by Order dated November 13,

---

[1] All claims against Defendant Venettozzi and certain claims against Defendants Keyser, Polizzi and Keyser were dismissed by Order dated November 13, 2019. (Dkt No. 57).

28 LIBERTY STREET, NEW YORK, NY 10005 • PHONE (212) 416-8610 • FAX (212) 416-6075 * NOT FOR SERVICE OF PAPERS
WWW.AG.NY.GOV

2019. (Dkt No. 57). No other grievances were filed regarding plaintiff's Eighth and Fourteenth Amendment claims against Defendants Keyser, Polizzi and Keyser.

Accordingly, Defendants respectfully request that this Court stay the parties' time to file a case management plan and, instead, set a schedule by which the parties can conduct limited discovery, including taking the deposition of Plaintiff and exchanging documents specifically related to exhaustion under the PLRA.

We thank the Court for its consideration in this matter.

Respectfully submitted,

/s/
Daphna Frankel
Assistant Attorney General

cc: Dewitt McGriff, DIN 97A6773
(Via First Class Mail)

Defendants' request to stay the filing of a Case Management Plan is denied. Defendants may seek the discovery they highlighted above before the Magistrate Judge and thereafter seek leave to file any appropriate motion. The parties are granted an additional week until February 25, 2020 to submit the completed Case Management Plan. Clerk of the Court is directed to mail a copy of this endorsement to pro se Plaintiff, show proof of service on the docket and terminate the motion (doc. 61).

Dated: Feb. 14, 2020                SO ORDERED.

                                    Nelson S. Román, U.S.D.J.