USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

McGriff,

                                  Plaintiff,

            *- against -*

Keyser, et al.,

                                Defendants.

**ORDER**

17 Civ. 7307 (NSR)(PED)

**PAUL E. DAVISON, U.S.M.J.:**

Familiarity with the record of this proceeding is assumed.

By Memorandum and Order dated May 15, 2018, Judge Román denied without prejudice plaintiff *pro se's* request for appointment of *pro bono* counsel. [Dkt. 13.] At that time, Judge Román observed that the case was in its infancy, that defendants had not yet responded to the pleadings, and that there was no basis to infer that plaintiff had a sufficient chance of success.

Subsequent to that Order, defendants moved to dismiss plaintiff's first amended complaint. Judge Román denied that motion, in part, in an Opinion and Order dated November 13, 2019. [Dkt. 57.] Notably, Judge Román determined that plaintiff had stated Due Process claims against defendants Keyser and Polizzi. Judge Román thereafter referred this case to the undersigned for pretrial supervision.[Dkt. 72.]

Plaintiff has now submitted a renewed motion for appointment of counsel. [Dkt. 77.] In his motion, plaintiff asserts that "the complex litigation and multiple avenues of necessary investigation, combined with confusing constitutional points make this matter overwhelming" for him. Plaintiff has attached to his motion documentation demonstrating his efforts to obtain

counsel without the Court's assistance.

On the basis of plaintiff's renewed motion, the Court is persuaded that *pro bono* legal assistance, if available, is warranted at this time. Notably, plaintiff's Due Process claims have survived a motion to dismiss, suggesting that these claims are "likely to be of substance[.]" *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986)(outlining standards to appointment of *pro bono* counsel).[1]

Accordingly, plaintiff's renewed application for the Court to request *pro bono* counsel is **GRANTED.** The Court directs the Clerk of Court to attempt to locate *pro bono* counsel to appear on plaintiff's behalf. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants, so *pro bono* counsel may apply to the Court for reimbursement of certain out-of-pocket expenses incurred in furtherance of plaintiff's case. See http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf. However, plaintiff is again advised that there are no funds to retain counsel in civil cases and that the Court relies on volunteers. Due to the scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent plaintiff. If an attorney volunteers, the attorney will contact plaintiff directly.

Dated: August 28, 2020
      White Plains, New York

SO ORDERED,

_____
Paul E. Davison, U.S.M.J.

---

[1] The Court notes that the underlying determination that plaintiff was guilty of certain prison disciplinary rules was partially annulled by the Appellate Division, Third Department, pursuant to a proceeding pursuant to Article 78 of the N.Y.C.P.L.R. *See Matter of McGriff v. Venetozzi*, 146 A.D.3d 1269 (3d Dept. 2017).

2