**MEMORANDUM ENDORSEMENT**

McGriff v. Superintendent Keyser et al.

**7:17-cv-07307-NSR-PED**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  10/12/2021
```

MEMO ENDORSED

The Court has reviewed Defendants' request for leave to file a motion for summary judgment (ECF No. 98), Plaintiff's letter requesting that the Court wait to address the request until Plaintiff was released on September 23, 2021 and could procure an attorney (ECF No. 99), and Plaintiff's letter notifying the Court of his new address (ECF No. 100).

The Court waives the pre-motion conference requirement and grants Defendants leave to file their proposed motion for summary judgment as follows: moving papers shall be served (not filed) on December 15, 2021; opposition papers shall be served (not filed) on January 14, 2022; reply papers shall be served on January 31, 2022. All motion papers shall be filed on the reply date, January 31, 2022. If Plaintiff has not obtained counsel by the reply date, Defendants shall file all motion papers, including Plaintiff's opposition papers. If Plaintiff has obtained counsel by the reply date, parties shall file their own papers. The parties shall provide two hard courtesy copies of all motion papers to Chambers as they are served.

The Court has set the briefing schedule to afford Plaintiff time to find counsel. If Plaintiff is unable to comply with the current briefing schedule, he must timely seek an extension of his deadline to serve his opposition papers.

The Clerk of Court is directed to terminate the motions at ECF No. 98 and 93, to mail a copy of this order to pro se Plaintiff at the address on ECF, and to show service on the docket.

Dated: October 12, 2021
       White Plains, NY

SO ORDERED:

*[signature]*

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

**DIRECT DIAL: (212) 416-6551**

September 15, 2021

**Via ECF**
Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

                      Re: *McGriff v. Keyser*, No. 17 Civ. 7307 (NSR)

Dear Judge Román:

      This Office represents defendants William Keyser, Anthony Polizzi, and Stephen Keyser, (collectively "Defendants") in the above-referenced matter. Pursuant to Judge Davison's Order on August 4, 2021, and Your Honor's Individual Practices, I write to respectfully request that the Court schedule a pre-motion conference in order to discuss the Defendants' anticipated motion for summary judgment.

      Plaintiff, an inmate at Sullivan Correctional Facility ("Sullivan"), alleges that on October 19, 2015, Defendant Keyser wrote a misbehavior report charging him with drug possession and smuggling contraband. (Dkt. No. 32, ¶ 8,12). Plaintiff was placed in SHU pending a hearing before Defendant Hearing Officer Polizzi, who found Plaintiff guilty and sentenced him to 45 days keeplock. Plaintiff contends that he did not receive due process at his disciplinary hearing, and that the conditions in SHU, where there was ongoing construction during the day, violated the Eighth Amendment. The sole claims remaining in this case are due process claims concerning the conduct of the disciplinary hearing against Defendants Polizzi and Keyser, and an Eight Amendment claim concerning the conditions in SHU against Defendant Superintendent Keyser. These claims are all meritless.

### 1. **Plaintiff's Eighth Amendment Claim Fails Because He Failed to Exhaust his Administrative Remedies Prior to Filing this Action**

      The Second Circuit has expressly held that the clear language of § 1997e(a) requires that exhaustion be completed prior to commencement of an action in court. Neal v. Goord, 267 F.3d 116, 123 (2d Cir. 2001). Exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532 (2002). Compliance with the particular prison's administrative grievance procedure "define[s] the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The exhaustion must be "[p]roper," meaning that it must "compl[y] with an agency's deadlines and

Page 2

other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). An inmate grievance procedure pursuant to DOCCS Directive 4040 requires an inmates to follow a three-step process (§ 701.5(a)-(b); 7 N.Y.C.R.R. § 701.5 (a)-(b). Plaintiff admits that he did not file a grievance concerning the noise while in SHU, and alleges that he grieved regarding the dusty food but did not receive any response at the time he commenced this action. Plaintiff thus failed to exhaust his Eighth Amendment claims, and they should be dismissed.

### 2. Defendant Superintendent Keyser was not Personally Involved in Any Constitutional Violation

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Shomo v. City of New York, 579 F.3d 176, 184 (2d Cir. 2009) (citation omitted). To hold a prison official liable under § 1983 "requires a showing of more than the linkage in the prison chain of command." Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985). Instead, plaintiffs must allege non-conclusory facts sufficient to establish that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Here, the only factual allegations in the Amended Complaint concerning Superintendent Keyser is that he was told, during rounds and by one letter, of the dusty food and noise issues in SHU. He is sued simply because of the high-ranking position he holds within DOCCS. This is insufficient to state a claim as a matter of law. See Ayers, 780 F.2d at 201. Additionally, receiving a letter from an inmate does not render the official personally involved with respect to the subject matter of the letter. Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir.1997).

### 3. Plaintiff Has Not Alleged a Deprivation of A Liberty Interest

The Second Circuit has instructed that "[r]estrictive confinements of less than 101 days do not generally raise a liberty interest … ." Davis v. Barrett, 576 F.3d 129, 133- 134 (2d Cir. 2009). Here, Plaintiff alleges that he was only sentenced to 45 days in keeplock, and there are no facts alleged to indicate that his keeplock confinement was unusual or different from routine restrictive confinement in keeplock or SHU. The allegations concerning dusty food and noise relate only to the pre-hearing time spent in SHU. He has thus failed to allege a liberty interest implicating the Due Process Clause, and the Court need proceed no further.

### 4. Plaintiff Received All the Process That Was Due In Any Event

The only process that an inmate is due at a disciplinary hearing is "advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004) (citing Wolff v. McDonnell, 418 U.S. 539, 563-567 (1974)). Furthermore, "judicial review of the written findings required by due process is limited to determining whether the disposition is supported by 'some evidence.'" Id. (citing Superintendent v. Hill, 472 U.S. 445, 455 (1985). "This standard is extremely tolerant and is satisfied if there is *any* evidence in the record that supports the disciplinary ruling." Sira, 380 F.3d at 69 (emphasis in original). Here, Plaintiff concedes that he was able to present witnesses and

Page 3

documents, he questioned the witnesses at the hearing, and heard the audio tape of the phone call in question. Plaintiff contends only that he was denied due process during his disciplinary hearing because Defendant Keyser was purportedly not able to specify the coded language used on Plaintiff's phone call that indicated he was smuggling drugs, and there was thus not "substantial evidence" in the record to support Defendant Polizzi's guilty verdict. But the Due Process Clause, even if applicable, would require only that there be "some evidence" in the record to support the disciplinary conviction. Sira, 380 F.3d at 69. Even were Keyser's testimony to be disregarded, the misbehavior report and testimony of other witnesses were more than sufficient to meet this minimal standard. See Eleby v. Selsky, 682 F. Supp. 2d. 289, 293 (W.D.N.Y. 2010). Failure to consider all plaintiff's objections would amount to harmless error in any event. Id.

### 5. Defendants Are Entitled to Qualified Immunity

The Second Circuit has instructed that "[t]he issues on qualified immunity are: (1) whether Plaintiff has shown facts making out [a] violation of a constitutional right; (2) if so, whether that right was 'clearly established'; and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful." Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013). All Defendants are entitled to qualified immunity because Plaintiff does not make out a claim for a due process violation, as the time served in SHU did not implicate a liberty interest and he was afforded all process guaranteed in a disciplinary hearing. Additionally, the conditions while in SHU, were compelled by necessity, and a reasonable official could have believed that construction noise during the day did not implicate the Eight Amendment. In any event, a reasonable official in Defendants positions could have believed that the actions they are alleged to have taken did not violate the Constitution.

Respectfully submitted,

By: /s/
Jessica Acosta-Pettyjohn
Assistant Attorney General
Jessica.Acosta-Pettyjohn@ag.ny.gov

cc: Dewitt McGriff
DIN: 97-A-6773
Sullivan Correctional Facility
P.O. Box 116
325 Riverside Drive
Fallsburg, NY 12733
(Via First Class Mail)

Docket in case # 17 CV XX 7307
As: pro se P letter dated 9/20/2021 re 9/23/21 release date and response to
Date: 09 / 23 / 2021  Defendants' letter at ECF No. 98.

Case 7:17-cv-07307-NSR-PED   Document 101   Filed 09/23/21   Page 5 of 9

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/2021



Dewitt McGriff #97A6773
Sullivan Corr. Fac.
P.O. Box 116
325 Riverside Drive
Fallsburg, N.Y. 12733

Hon. Nelson S. Román (PED)
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

September 20, 2021

Re: McGriff v. Keyser, No. 17 Civ. 7307 (NSR)(PED)

Dear Judge Román:

    I recieved a letter from the Attorney Generals Office today of them requesting a pre-motion conference from the Court. When you recieve this letter I will be released from prison. I get out on 9-23-21. Once out, I will come to the Court and the Att. Gen. Office to register my new location. I request that the Court hold off on the pre-motion conference until I am able to obtain counsel for the above case.

    I reference my civil complaint which has merit, as you have read, to combat this frivilous motion for summary judgment that the defendants want to submit.

Respectfully Submitted

Dewitt McGriff,
Pro-Se

SULLIVAN CORRECTIONAL FACILITY
P.O. BOX 116
FALLSBURG, NEW YORK 12733-0116
NAME: Dewitt McGriff  DIN: 97A6773



ATN: Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, N.Y. 10601

10601-414000

( Legal Mail )

Dewitt McGriff
163-45 130th Ave
Jamaica, N.Y. 11434
Apt # 8G

RECEIVED
SEP 27 2021
U.S.D.C.
W.P.

Clerk of the Court
United States District Court
Southern District of New York
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, N.Y. 10601

Re: Index No. 17-CV-7307 (NSR)-(PED)
Date: September 23, 2021

Dear Clerk,
    This letter is to inform the court of my new residence location. I am no longer incarcerated. My new location (address) is:

163-45 130th Ave
Jamaica, N.Y. 11434
Apt # 8G

    So please send all correspondence to my new location, the above address. I will be stopping in to Courthouse in person as well. I also sent a letter to the Attorney General's Office informing them of my new location, thank you; also inform the Judges of my new address.

                                    Respectfully Submitted
CC:
    File                            Dewitt McGriff

Dated: Sept. 23, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



## CERTIFICATE OF SERVICE

I, Dewitt McGriff, certify that on __23__ day of __September__ 20__21__, I mailed a copy of the following document(s) and all attachments:

__Letter informing the Court of my change of address__
[List all Documents and Attachments]

to the following parties: __Clerk: United States District Court Southern District of New York, United States Courthouse 300 Quarropas Street, White Plains, N.Y. 10601. - Office of the Attorney General 28 Liberty Street, N.Y., N.Y. 10005 (18th Floor)__
[Place Name and Address Where Documents Were Sent]

I certify that these documents were placed in a United States Postal Service mailbox on the below indicated date for forwarding to the above parties by First Class Mail via U.S. Postal Service.

I further certify under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on: __Sept. 23, 2021__
Jamaica, New York

[Signature] __Dewitt McGriff__
[Print Name] __Dewitt McGriff__

Mr. Dewitt McGriff
163-45 130th Ave
Jamaica, N.Y. 11434
(apt # 86)

RECEIVED
SEP 27 2021
U.S.D.C.
W.P.

NEW YORK NY 110
24 SEP 2021 PM 1 L

ATTN: Clerk
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, N.Y. 10601
(Pro-Se Intake Unit)

